IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESSE L. DEMARTINIS,<br><br>Defendant | MEMORANDUM DECISION AND ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)<br><br>Case No. 2:18-cr-304<br><br>Judge Clark Waddoups |

Before the court is Mr. DeMartinis' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 46.) The court heard oral argument on the Motion on February 12, 2021, taking the matter under advisement. (*See* ECF No. 53.) As explained below, based on the Government's concession, the court accepts that it has the authority to address the merits of Mr. DeMartinis' Motion. After considering the applicable § 3553(a) factors, the court finds that a reduction in his sentence is not justified. The court DENIES the Motion.

<u>Background</u>

On June 20, 2018, a grand jury charged Mr. DeMartinis with one count of distribution of methamphetamine and one count of possession of heroin with intent to distribute. (ECF No. 13 at 1–2.) On December 5, 2018, Mr. DeMartinis pled guilty to both counts. (ECF No. 27.) Mr. DeMartinis' guideline imprisonment range was 130 months to 162 months. (ECF No. 39 at 17.) Defense counsel argued that Mr. DeMartinis' criminal history was overrepresented and moved for a downward departure. (*See* ECF No. 34 at 7.) On March 1, 2019, the court sentenced Mr. DeMartinis to 60 months, the mandatory minimum sentence. This sentence was 70 months below the low end of the calculated guideline sentence.  (*See* ECF No. 37.) The court

recommended that Mr. DeMartinis be designated to FCI Sheridan.

The Bureau of Prisons placed Mr. DeMartinis in FCI Sheridan.  On October 2, 2020, Mr. DeMartinis submitted an "Inmate Request to Staff" form in which he "respectfully ask[ed] the warden [of FCI Sheridan] for an order reducing [his] sentence to time served based on the extraordinary and compelling reasons" that his "father is bedridden and needs heart surgery and needs [his] help," and based on Mr. DeMartinis being "at high risk of getting corona virus" due to his diabetes. (ECF No. 43-3 at 3.) Mr. DeMartinis made his request pursuant to the "recently amended 18 U.S.C. § 3582(c)(1)(A)(I)." (ECF No. 43-3 at 3.)

On October 7, 2020, Acting Warden Andrew Cooper submitted an "Inmate Request to Staff Member Response," that provided, in relevant part:

> [t]his is in response to your Inmate Request to Staff, received at FCI Sheridan on October 6, 2020. You are requesting an order to reduce your sentence (early release). You arrived at FCI Sheridan on April 9, 2019, as an initial designation. You have a projected release date of September 8, 2022, via Good Conduct Time release. You are considered to be a high risk of recidivism based on the PATTERN score; therefore, you are currently not a good candidate for a reduction of sentence or other early release.

(ECF No. 50 at 5.)

On December 16, 2020, Mr. DeMartinis, through his counsel, filed the pending Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I)." (ECF No. 46.) Mr. DeMartinis argued that this court has jurisdiction to reach the merits of his motion because "[t]he Bureau of Prisons denied Defendant's request and has not filed a motion with this Court on Defendant's behalf." (ECF No. 46 at 3.) Mr. DeMartinis argued that extraordinary and compelling reasons exist to reduce his sentence. (ECF No. 46 at 5–7.)

On or around December 21, 2020, an attorney for the Government received a copy of an email from "Sara Strange, Assistant Case Management Coordinator" for "FCI Sheridan"

representing that FCI Sheridan did not possess "any RIS request[s] for DeMartinis." (*See* ECF No. 47-6 at 1.[1])

On December 24, 2020, the Government filed its Opposition to Defendant's Motion for Compassionate Release. (ECF No. 47.) The Government made a two-step argument. First, the Government argued that "[t]his Court should deny Defendant's motion for a reduction in his sentence without prejudice because he has failed to exhaust administrative remedies." (ECF No. 47 at 10.) Second, the Government argued that "[s]hould the Court reach the merits, the Court should deny the motion because" "caring for his father . . . is not an extraordinary and compelling reason for release" and because "Defendant poses a significant danger to the public and the statutory sentencing factors do not weigh in favor of his release." (ECF No. 47 at 16.)

On January 27, 2021, Mr. DeMartinis filed his reply. In his reply, Mr. DeMartinis argued that he had exhausted his administrative remedies and attached the acting warden's response to his inmate request to staff. (*See* ECF No. 50 at 5.) Mr. DeMartinis also provided that his father "is now again residing with [his] wife and children." (ECF No. 50 at 2.)

The court heard oral argument on Mr. DeMartinis' Motion on February 12, 2021. (*See* ECF No. 53.) At oral argument, the Government conceded that Mr. DeMartinis had exhausted his administrative remedies. The Government explained that representatives at FCI Sheridan confirmed that the acting warden had signed the response to Mr. DeMartinis' inmate request.

## Legal Framework

18 U.S.C. § 3582(c)(1)(A)(i) provides that "[t]he court may not modify a term of

---

[1] On or around December 2, 2020, Ms. Strange received an email requesting: "Can you please check to see if [Mr. DeMartinis] has filed a RIS request with your institution? If he has, can I get a copy of the request and response?" (ECF No. 47-6 at 2.) It appears that Ms. Strange responded on December 9, 2020, representing that "We do not have any requests for DeMartinis. Sorry for the delay." (ECF No. 47-6 at 1.) By December 21, 2020, an attorney designated as a US Attorney for the District of Utah received this information. (*See* ECF No. 47-6 at 1.)

imprisonment once it has been imposed except that" "in any case" "the court, upon motion of the
Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully
exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion
on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden
of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may
impose a term of probation or supervised release with or without conditions that does not exceed
the unserved portion of the original term of imprisonment), after considering the factors set forth
in section 3553(a) to the extent that they are applicable, if it finds that" "extraordinary and
compelling reasons warrant such a reduction" "and that such a reduction is consistent with
applicable policy statements issued by the Sentencing Commission."

<u>Analysis</u>

The court proceeds in two steps. The court first addresses its authority to resolve the
merits of Mr. DeMartinis' Motion. Finding that it possesses this authority, the court reaches the
merits of the Motion.

I.        <u>Exhaustion of Administrative Remedies</u>

Prior to Mr. DeMartinis submitting a copy of FCI Sheridan's acting warden's response to
his inmate request, the Government had argued that this court lacked the authority to hear Mr.
DeMartinis' Motion. (*See* ECF No. 47 at 10 ("This Court lacks authority to act on Defendant's
motion for a sentence reduction at this time."); *see also* ECF No. 47 at 12 ("The exhaustion
requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule and must be enforced if a
party 'properly raises' it. . . . The government raises the rule here and it must be enforced.")
(citation omitted)). The Government withdrew this argument after confirming with FCI Sheridan

that the acting warden had, in fact, signed the response denying Mr. DeMartinis' request.[2] It is therefore undisputed that Mr. DeMartinis exhausted his administrative remedies, and that this court possesses the authority to reach the merits of this case.

The court nevertheless pauses briefly to express concerns over the Bureau of Prisons' diligence in searching for documents within its possession and control, and its willingness to disclaim possession of those documents. As discussed above, the FCI Sheridan representative represented to the Government that FCI Sheridan did "not have any [reduction in sentence] requests for DeMartinis." (ECF No. 47-6 at 1.) Based on this representation, the Government argued that this court lacked authority to reach the merits of Mr. DeMartinis' Motion. This raises concern about the record keeping practices of FCI Sheridan and the prejudice to defendants seeking relief under 18 U.S.C. § 3582(c)(1)(A). In this case, the actions by the Bureau of Prisons caused concern to Mr. DeMartinis and his family. These actions also required additional and unnecessary work by Defendant's counsel and the U.S. Attorney's office. The court wonders how often such poor record keeping may have prejudiced other defendants seeking relief under this section.

II.   Merits

In his motion, Mr. DeMartinis argued that at least two distinct extraordinary and compelling circumstances exist that warrant a reduction in his sentence. First, he argued that he has two qualifying co-morbidities that place him at a heightened risk of serious illness or death if he contracts COVID-19. Second, he argued that the ailing health of his father justified a reduction in his sentence. The court need only address Mr. DeMartinis' first circumstance—his heightened risk should he contract COVID-19.

---

[2] The court commends the assigned Government attorney for his diligence in correcting the representation made to him by the FCI Sheridan representative.

"To begin, the court finds that the existence of the pandemic is not by itself an extraordinary and compelling reason for release, and that the existence of infections in the facility where the defendant is incarcerated, without more, is also not a sufficient reason." *UNITED STATES OF AMERICA, Plaintiff, v. DUSTY LAMBERT, Defendant.*, No. 2:15-CR-00454-TC, 2021 WL 391427, at *3 (D. Utah Feb. 4, 2021). "But if the defendant is at risk for severe complications that could lead to serious injury or death if he contracts the virus, that may be an extraordinary and compelling reason under § 3582(c)(1)(A)(i)." *Id*. "A person of any age has an increased risk of severe illness if he has . . . type 2 diabetes mellitus." *Id*. at *4. Mr. DeMartinis' type 2 diabetes diagnosis does "put him at risk of severe illness or death should he contract the novel coronavirus." *See id*.

The Government concedes that Mr. DeMartinis' Type 2 Diabetes diagnosis creates an "extraordinary and compelling" reason under 18 U.S.C. § 3582(c)(1)(A)(i). (*See* ECF No. 47 at 10 ("While the Defendant's Type 2 Diabetes diagnosis creates an 'extraordinary and compelling' reason . . . .")). Based on the Government's concession, the court accepts that Mr. DeMartinis' Type 2 Diabetes diagnosis, when considered together with the current risk of COVID-19, constitutes an extraordinary and compelling reason for a sentence reduction.

Though Mr. DeMartinis' "has shown extraordinary and compelling reasons, the court finds that a balancing of the factors in § 3553(a) does not justify a reduction in sentence." *C.f. Lambert*, 2021 WL 391427 at *4. The § 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established ... in the guidelines ...;

(5) any pertinent policy statement ... issued by the Sentencing Commission ...;

(6) the need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)–(7).

Having considered the applicable 3553(a) factors, the court finds that a reduction in Mr. DeMartinis' sentence is not warranted. Although Mr. DeMartinis appears to have made progress in addressing the attitude and conduct that led him to his criminal behavior, he has not persuaded the court that he has yet developed the skills or discipline to be successful without the rigors of the restrictions now imposed upon him. He has an obvious drug problem and is in the highest criminal history category. His past behavior has not demonstrated that he has or will take advantage of any leniency. Mr. DeMartinis received a sentence that was 70 months below the low end of the recommended guideline sentence. In order to reflect the seriousness of Mr. DeMartinis' offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, this court finds that Mr. DeMartinis must serve the remainder of his sentence.

SO ORDERED this 12th day of February, 2021.

BY THE COURT:

Clark Waddoups
United States District Judge